# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS L. WILLIAMS,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

Case No.: 3:19-cv-00752-RCJ-WGC

**ORDER**

On December 18, 2019, Plaintiff filed an application to proceed in forma pauperis (IFP) (ECF No. 1), and a document titled "Order to Show Cause for an Preliminary Injunction." (ECF No. 1-1.)

Plaintiff's filings indicate that he is currently an inmate in the Washoe County Detention Facility (WCDF). Therefore, he is required to submit a financial certificate from WCDF: When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10,

the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff will be given 30 days to submit the required financial certificate so that he may pay the $350 filing fee over time, or pay the $400 fee ($350 filing fee and $50 administrative fee). If he fails to do so, his case may be dismissed.

In addition, once Plaintiff has submitted the financial certificate or paid the filing fee, the court must screen his complaint.

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Plaintiff's filing, (like a previous case he filed, 3:19-cv-00653-RCJ-WGC, "the 653 case") asserts that he wants an order that the Veteran's Specialty Court provided for under Nevada law be restrained from denying a veteran the ability to participate in the program if he meets the criteria.

As the court noted in the 653 case, Plaintiff's filing here does present a case or controversy appropriate for disposition by the federal court. Instead, it appears that Plaintiff seeks to either establish or gain admission to a specialty court program, diversion program or re-entry program for veterans with substance abuse issues. Plaintiff is currently detained in the Washoe County Detention Center, and has previously been incarcerated within the State of Nevada's prison system, the Nevada Department of Corrections (NDOC). These type of programs are not the province of the federal court. In fact, the State's Court system has various diversion and re-entry programs already established that Plaintiff might inquire into. For instance, the Second Judicial District Court of the State of Nevada in Washoe County has a veteran's court program, a diversion court program for criminal defendants diagnosed with a substance use disorder, and a prison re-entry court program.

The United States District Court for the District of Nevada recently established a pilot program for a federal court veteran's diversion program, but it only applies to adjudication of federal Central Violations Bureau (CVB) citations at the Veterans Administration Medical facility in Reno, Nevada. *See* First Amended General Order 2018-03.

Therefore, Plaintiff is cautioned that if he decides to proceed in federal court, it is likely that his action will be dismissed because Plaintiff does not seek relief that the court is capable of granting. If Plaintiff does wish to proceed with his action, he will still have to pay the $350 filing

fee over time if he is granted IFP status, even if his case is dismissed. Likewise, if he pays the full $400 fee, it will not be refunded if his case is dismissed.

## **CONCLUSION**

Plaintiff has **30 days** from the date of this Order to submit a completed financial certificate OR pay the $400 fee ($350 filing fee and $50 administrative fee), and advise the court whether he wishes to proceed with this action.

Plaintiff is cautioned that if he proceeds, his action is likely to be dismissed, and he will still be responsible for paying the $350 filing fee over time if he is granted IFP status, or if he pays the $400 fee, it will not be refunded.

**IT IS SO ORDERED.**

Dated: March 18, 2020.

_____
William G. Cobb
United States Magistrate Judge